UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ZINA M. MITCHELL | § | DOCKET NO.: |
| VERSUS | § | JUDGE |
| BROOKSHIRE GROCERY COMPANY | § | MAGISTRATE JUDGE |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes **BROOKSHIRE GROCERY COMPANY**, defendant herein, who, respectfully represents that:

1.

Plaintiff, **ZINA M. MITCHELL**, has asserted a civil cause of action against **BROOKSHIRE GROCERY COMPANY** seeking to recover damages for personal injuries allegedly sustained as a result of a slip and fall which allegedly occurred on or about March 16, 2023, in Shreveport, Caddo Parish, Louisiana.

2.

Defendant, **BROOKSHIRE GROCERY COMPANY**, is incorporated in the State of Texas, and its principal place of business is in the State of Texas.

3.

Plaintiff, **ZINA M. MITCHELL**, upon information and belief, is a citizen of the State of Louisiana.

4.

The Petition for Damages of **ZINA M. MITCHELL** was filed in the First Judicial District Court, Caddo Parish, Louisiana, on February 2, 2024. A copy of the Petition is attached hereto as Exhibit "A".

5.

Although no responsive pleadings have been filed in the state court proceeding, undersigned counsel does represent **BROOKSHIRE GROCERY COMPANY**, the defendant named in this case.

6.

Article 893 A(1) of the Louisiana Code of Civil Procedure provides:

*No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.*

7.

Despite the mandate of Article 893 A(1) as set forth above, plaintiff made no allegation in the Petition regarding the amount in controversy. Specifically, there was no reference to the $75,000.00 threshold necessary for removal of the state court action to federal court under 28 U.S.C. Section 1332(a). Thus, the amount in controversy is not ascertainable based on the Petition filed on behalf of plaintiff.

8.

Plaintiff does allege in Paragraph 10 of the Petition that she suffered "pain, mental anguish, and distress" and sets forth her injuries as:

    "a.    Injury to her shoulder including adhesive capsulitis and rotator cuff tear of left shoulder which required surgery;

    b.    Fractured left foot which required surgery to implant screws and ongoing physical therapy;

    c.    Shoulder pain;

    d.    Loss of enjoyment of life and disability;

    e.    Mental distress;

    f.    past and future pain and suffering;

    g.    Other injuries which will be presented at trial such as pain and suffering, inconvenience and mental distress; and

    h.    Wage loss, and lost earning capacity;

    I.    Past, present and future medical expenses."

9.

Plaintiff also itemizes damages in Paragraph 11 of the Petition to include past, present, and future medical expenses, pain and suffering, mental anguish and distress, lost earning capacity, and future lost wages, all of which she contends is related to the incident giving rise to plaintiff's suit against Brookshire Grocery Company.

10.

There is complete diversity of citizenship between the plaintiff and defendant.

11.

**BROOKSHIRE GROCERY COMPANY** was served with plaintiff's Petition for Damages through its agent for service of process, CT Corporation, on February 15, 2024.

12.

This Removal is timely in that it is filed within thirty days from service of the Petition on **BROOKSHIRE GROCERY COMPANY**.

13.

Pursuant to 28 U.S.C. Section 1332(a), this court has original jurisdiction over this matter.

14.

This matter is properly removable to the Western District of Louisiana, Shreveport Division, from the state court in Caddo Parish, Louisiana.

15.

Upon filing of this Notice of Removal, **BROOKSHIRE GROCERY COMPANY** will give written notice to plaintiff and will file a copy of the Notice of Removal with the Clerk of Court of the First Judicial District Court for the Parish of Caddo.

WHEREFORE, **BROOKSHIRE GROCERY COMPANY** prays that this Notice of Removal be deemed good and sufficient and that the suit entitled "Zina M. Mitchell v. Brookshires Grocery Company d/b/a Brookshire Grocery Company #18," Number 648417 on the docket of the First Judicial District Court, Caddo Parish, Louisiana, shall be removed to this Court and that the First Judicial District Court, Caddo Parish, Louisiana, case shall proceed no further therein, unless the case is remanded.

Respectfully submitted,

LUNN IRION LAW FIRM LLC

8670 Box Road, Building A  
Shreveport, LA 71106   By:  /s/ James A. Mijalis  
Phone:  (318) 222-0665         JAMES A. MIJALIS  
Fax:  (318) 220-3265            Bar No. 17057  
Email: jam@lunnirion.com   ATTORNEYS FOR DEFENDANT, BROOKSHIRE GROCERY COMPANY

-5-

## **CERTIFICATE**

I HEREBY CERTIFY that on February 23, 2024, a copy of the foregoing *Notice of Removal* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Nelson W. Cameron by operation of the court's electronic filing system and via email.

                                              /s/ James A. Mijalis
                                                   OF COUNSEL