**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ZINA M. MITCHELL | CIVIL ACTION NO. 24-0267 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BROOKSHIRE GROCERY COMPANY | MAGISTRATE JUDGE McCLUSKY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, Record Document 26 ("Motion") filed by Defendant Brookshire Grocery Company ("Defendant"). For the reasons assigned herein, Defendant's Motion is **DENIED**.

## BACKGROUND

This lawsuit arises from a slip-and-fall accident that occurred on March 16, 2023, at the Brookshire Grocery Store No. 18 ("Store 18") located at 5828 Line Avenue in Shreveport, Louisiana. *See* Record Document 1-1 (hereinafter "Petition"). On that date Zina M. Mitchell ("Mitchell") was shopping at Store 18, pushing a shopping cart, when she stopped adjacent to the fresh seafood display case to pick up a piece of salmon. Record Document 47-1 at 47-49. As she stepped left to select a package, she slipped on a small, round cylindrical object that was on the floor, turning her ankle then falling onto the display case, sustaining injuries. Record Documents 1-1 at ¶10; 47-1 at 49; 47-3 at 25-29, 33. After falling, she picked up the cylindrical object and asked a store employee to call a manager. Record Document 47 at 10. The manager arrived to assist and, when Mitchell asked the manager where the object came from,

he allegedly replied that it came from a store cart. Record Document 47-1 at 51. Following her fall, Mitchell was unable to walk or put weight on her left foot, so Shreveport EMS was called, and she was subsequently taken to the hospital for treatment. Record Documents 47-1 at 52; 47-3 at 16-50. The manager retained the object, put it on a desk and took a picture of it, and later completed an incident report and reported the incident to the store director. Record Documents 26-4 at 8; 47 at 13, 47-1 at 10. The object disappeared from the desk and was never located, so the picture is the only evidence of the object in the record. Record Document 47 at 13; 66-5 at 9-10.

## LAW AND ANALYSIS

### A. Summary Judgment Standard.

The law pertaining to summary judgment is well-settled. Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). The moving party need not support its motion with affidavits or other evidence, but to defeat a motion for summary judgment the non-movant must present evidence sufficient to establish the existence of each element of its claim as to which it will have the burden of proof at trial. *Id.* at 322.

**B. Louisiana Merchant Liability Statute.**

Subject matter jurisdiction in this matter is based on diversity; thus, Louisiana tort law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) (holding that a federal court sitting in diversity jurisdiction applies the substantive law of the forum state). In Louisiana, merchant liability for slip and fall cases is governed by the Louisiana Merchant Liability Act which provides:

> A. A merchant owes a duty to persons who use its premises to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of its cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

LA. REV. STAT ANN. § 9:2800.6.[1] The plaintiff has the burden of proving all three elements under the Louisiana Merchant Liability Act. *Russell v. Morgan's Bestway of La., LLC*, 47,914 (La. App. 2 Cir. 4/10/13), 113 So. 3d 448, 452. The Fifth Circuit observed that this statute "places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). Failure to prove any of the requirements will prove fatal to the plaintiff's case. *Id.*

**C. Analysis.**

The parties do not dispute that Mitchell fell in Store 18, and that the cause of her fall was her stepping on the cylindrical object on the floor. Defendant maintains that Mitchell has not fulfilled her burden under Section 9:2800.6(B)(2); *viz*, of presenting any evidence that "[t]he merchant either created or had actual or

[1] In her Opposition, Plaintiff avers that both Louisiana Revised Statute § 9:2800.6 and Louisiana Civil Code Article apply to her claims. Record Document 47 at 15-25. In Louisiana, claims that arise "from a fall on the merchant premises" are only governed by Section 9:2800.6, not article 2317. *Gruver v. Kroger Co.*, 10-689 (La. App. 3 Cir. 2/2/11); 54 So. 3d 1249, 1252 n.3. *See also Guidry v. Murphy Oil USA, Inc.* 2015 WL 5177569, at *3 n.4 (M.D. La. 2015); *Gray v. Wal-Mart La., LLC*, 2011 WL 4551460, at *2 (W.D. La. 2011). Accordingly, the Court will only look to Section 9:2800.6 for guidance in this matter.

constructive notice of the condition which caused the damage, prior to the occurrence." Record Document 26-1 at 20.

Where, as here, a movant claims in a summary judgment motion that the non-movant has pleaded no facts establishing a *prima facie* case on an element of its claim, the non-movant must present actual evidence in rebuttal, mere allegations or speculation will not suffice. *Anderson*, 477 U.S. at 256. *See also Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (a non-movant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'.").

"In a negligence action, the plaintiff has the burden of proving negligence and causation by a preponderance of the evidence." *Cay v. State, DOTD*, 1993-0887 (La. 1/14/94), 631 So. 2d 393, 395. That evidence may be direct or circumstantial, but it cannot be speculative, conclusory or mere allegations. *Ton v. Albertson's, LLC*, 50,212 (La. App. 2 Cir. 11/18/15); 182 So. 3d 246, 249. *Accord*, *Neuman v. Brookshire Grocery Co.*, No. 06-2140, 2008 WL 728652, at *4 (W.D. La. March 18, 2008).

Mitchell alleges that Defendant created the hazard by failing to maintain the store's carts, resulting in the object falling off a defective cart. Record Document 47 at 16. She cites as support *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d. 742 (5th Cir. 2017) (holding that where a merchant is responsible for maintaining its own roof, creating holes in the roof or failing to fix holes in the roof that results in puddles on the store floor during rainy periods could make the merchant liable for creating those puddles). Other courts have similarly found that where a merchant is responsible for

maintenance, liability can arise if an injury occurs from improper maintenance. *See, e.g., Savoie v. Southwest La. Hospital Ass'n.*, 866 So. 2d 1078 (La. 3d Cir. 2004) (holding that a defendant that polished and waxed its floors could be held responsible for a hazardous situation arising from excess wax buildup); *Gray v. Wal-Mart La., L.L.C.*, 484 F. App'x. 963 (5th Cir. 2012) (holding, like the court in *Deshotel*, that where a merchant is responsible for maintaining its own roof, puddles from a leaky roof on the store floor during rainy periods could make the merchant liable for creating those puddles). "Maintenance, under Louisiana courts' interpretation of Louisiana law, is enough for creation" of a condition that caused the damages. *Deshotel,* 850 F.3d at 748.

Mitchell alleges in her sworn deposition that when she handed the object to the store manager after her fall, the store manager said it came from a store cart. Record Documents 47-1 at 51; 47-2 at 6 (Declaration of plaintiff's friend that she overheard the manager make that statement). For purposes of ruling on a motion for summary judgment, where facts are examined in the light most favorable to the non-movant, the Court must take that statement as true. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014)("in ruling on a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.")(internal citation and quotations omitted). Defendant concurs in its Reply: "However, solely for the purpose of this motion, and reserving all rights to submit contrary evidence should a trial occur, Brookshire Grocery Company will not dispute this contention." Record Document 51 at 4.

In its reply brief, Defendant maintains that, even if the manager's statement is taken as true, Mitchell must still present some evidence that Defendant knew about the hazardous condition. Record Document 51 at 4 (citing *Hill v. Hobby Lobby Stores, Inc.*, 19-89 (La. App. 5 Cir.10/2/19); 282 So. 3d 333). That contention is misplaced. *Hill* did not pertain to a slip-and-fall governed by Section 2:9800.6; rather, it pertained to a collapsing display chair and was governed by Louisiana Civil Code Articles 2317 and 2322. *Hill*, 282 So. 3d at 336. As Defendant itself has maintained, those provisions do not apply here, and this case is governed by Louisiana Revised Statute Section 9:2800.6. Record Document 51 at 8-9; *see also supra* n.1.

Under the Louisiana Merchant Liability Statute, there is no requirement that plaintiff prove that defendant had notice of hazard if defendant created it. Section 9:2800.6(B)(2) is disjunctive: "The merchant either created *or* had actual or constructive notice of the condition which caused the damage, prior to the occurrence." (emphasis added) *Accord, Deshotel*, 850 F.3d at 748 ("plaintiffs must prove *either* creation of the hazard *or* actual or constructive notice thereof. There is no requirement of notice when it comes to creation")(emphasis in original).

The parties do not dispute that Defendant is responsible for maintaining store carts, and Mitchell cites deposition testimony from Defendant's employees addressing cart maintenance policies. Record Document 47 at 18. Thus, taking the store manager's statement that the part fell off a store cart as true and acknowledging that Defendant is responsible for maintaining store carts, it becomes a fact question for the jury as to whether Defendant properly maintained the cart from which the object

allegedly fell, or whether the object actually fell from a cart at all. As the Fifth Circuit noted in reversing a district court's grant of summary judgment for the defendant: "We agree with [the court in] *Gray* that evidence of maintenance of its own roof is enough to conclude that Wal-Mart created the hazardous condition through its failure of maintenance. A reasonable jury could find that evidence here." *Deshotel*, 850 F.3d at 748 (modification added and internal quotations omitted).

For the foregoing reasons, there is a genuine issue of material fact as to whether Defendant created the hazardous condition and summary judgment is not appropriate. While the record is replete with additional evidence, it is up to a jury to weigh that contradictory evidence and reconcile the competing claims.[2]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, Record Document 26, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of August, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

[2] Finding that summary judgment is not appropriate on the creation element of Section 9:2800.6, the Court need not examine Defendant's claim that Plaintiff fails to establish that Defendant had either actual or constructive notice of the hazardous condition.